Price, J.
It is conceded in argument and also shown by the record, that on the trial of the defendant in error on the indictment for perjury, the state produced no witness who testified that the matter assigned as perjury was false, but relied for conviction wholly on circumstantial evidence to contradict the sworn statements at the former trial, as well as to make out every other element of perjury. And the absence or lack of such direct or principal witness to the falsity of such sworn statements was the ground of the motion to direct an acquittal in the trial court.
The same question was again raised by exception to the charge of the court, and the two points will be considered together, because, the reason which prompted a refusal to direct a verdict for the accused is found in the instructions given the jury.
Looking to the charge of the court we find two im consistent views of the law laid down for the guidance of the jury. Each of these views is wrong. One is too strong in favor of the accused, and follows the older English and American authorities, while the other view is opposed to all the authorities, both old and new, and was very prejudicial to the defendant in error. The jury were first told by the court that: “It is a rule of criminal law in the trial of perjury, that you cannot find a man guilty of perjury upon *38 the testimony of one witness alone, bnt it must be corroborated by another witness, or if not by another witness, then by circumstances which are practically equivalent to the testimony of another witness. That is to say, if there is only one witness in the case, who testified to that effect, and the defendant having testified to the contrary in the former trial, that is oath against oath, and there can be no preponderance; and not only that, but to overcome the presumption of his innocence, and to satisfy the jury beyond a reasonable doubt as to the falsity of the statement which he is charged to have made, it must be established by one witness who must be corroborated and sustained by another witness, or, by circumstances which practically amount to the same thing.”
This language shows the necessity for the one direct witness, and in this respect is correct; but it places the standard of corroborating proof too high as we shall presently see. The corroborating facts and circumstances are not required .to be equal or tantamount to the second witness. Crusen v. State, 10 Ohio St., 258. This part of the charge, as before stated, was too broad and in favor of the accused; and while he has no occasion to challenge its soundness, it is a subject of just complaint, that the next paragraph of the same charge is not only utterly inconsistent with this, but is also in violation of established rules and principles of practice. In the later paragraph the court wholly abandons the first position taken, and dispensed with the necessity for at least one direct witness to the corpus delicti, or falsity of the former testimony, and the jury were told that the lack of this direct witness might be supplied by circumstantial evidence, which should be corroborated by other circumstantial evidence.
*39 Here is a part of what the court said on this subject : “Now, upon this point it is probably true that no witness has testified positively direct to any act of intercourse, but witnesses undertake to detail circumstances and conduct from which the state or prosecution undertakes to say that acts of intercourse took place between these parties.
“Upon this the court says to you, if the witness details conduct or relates a set of circumstances from which the only reasonable conclusion of the jury would be that intercourse must have taken place, in the event that that conduct or circumstance is true, then the witness who testified to that conduct or circumstance from which the jury would necessarily infer intercourse, must be corroborated by another witness or by circumstances which amount to the same thing.”
Prom the language it is clear that the trial court not only dispensed with the essential one witness to the falsity of the former sworn statement — the corpus delicti — which was said to be the requisite in the first paragraph quoted, but it is now said that the place of such witness may be supplied by evidence of .“conduct or a set of circumstances from which the only reasonable conclusion of the jury would be that intercourse must have taken place;” and that “in the event that that conduct or circumstance is true, then the witness to that conduct or circumstance from which the jury would necessarily infer intercourse, must be corroborated by another witness, or by circumstances which amount to the same thing.”
It will be observed that the court stated a higher degree of corroboration than is required, and it was done at the sacrifice of the more weighty matter of the law that requires at least one witness to the falsity of *40 the matters assigned as perjury; and the jury was instructed in substance, that the office of the one witness may be filled by a witness who testifies as to conduct of the accused, or to a set of circumstances from which guilt might reasonably be inferred, and that if this witness to conduct or set of circumstances is corroborated by a witness who details other, or, it may be the same conduct or circumstances, the accused may be convicted of perjury.
The same error is amplified in the remainder of the charge which we will not quote, but its substance is that the jury might convict of perjury on evidence wholly circumstantial. It has been urged in argument for the state, that on account of the inherent difficulty of proving adultery except by circumstantial evidence, and that on the trial for perjury the same difficulty exists in obtaining a witness to the falsity of the sworn statement wherein the defendant denied all adulterous intercourse, the rule should be relaxed in this case. This suggestion may be answered by the fact that the law permits conviction of adultery, as it does of nearly all other crimes, on purely circumstantial evidence, when it is connected and sufficiently strong to carry conviction beyond a reasonable doubt. B.ut owing to the frailties of human memory, it is possible, notwithstanding such evidence, that the actual illicit intercourse never occurred, and that the accused may have truly so stated as his own witness; so that when he is called upon to meet the charge of perjury in giving such denial of his guilt, his sworn statement to that effect still stands as his evidence, and in addition thereto is the legal presumption of innocence of the perjury, which requires the state to do much more than reintroduce the circum *41 stantial evidence upon which he was tried for adultery.
To convict of some great crimes, more or stronger evidence is required than to convict of others. Of such enormity is the crime of treason, that by express statute, unless the accused confess in open court, he shall not be convicted except by the testimony of two credible witnesses to the same overt act laid in the indictment. (See Revised Statutes, Sec. 7298.)
And perjury has always been regarded as an unnatural and heinous crime, because of its tendency to jeopardize person and property and even life, and it may be that our legislature recognized the well established rule which we hold in perjury cases, when it enacted section 7296 of the Revised Statutes, which is: “In trials for seduction under promise of marriage, and on indictments under section 7024, no conviction shall be had on the testimony of the person offended against, unsupported by other evidence to the extent required as to the principal witness in cases of perjury ”
Therefore, we consider that when one is charged with the grave crime of perjury, it is but a just safeguard that more than purely circumstantial evidence shall be adduced to establish the corpus delicti, and we hold it to be the general rule that the falsity of the matter assigned as perjury must be testified to by at least one witness, and that he be corroborated by another witness, or by facts and circumstances which will operate as a sufficient corroboration. We do not mean by this to say that the guilty knowledge and corrupt motive attached to perjury must be shown by a living witness. These elements of the crime may be established by sufficient and competent circumstantial evidence.
*42 Until now this court has not been called upon to pass directly on the question before us, but in Crusen v. State, 10 Ohio St., 258, the view we favor seems to have been fairly recognized. The court say in that case: “On a trial under an indictment for perjury, it is not error for the court to charge the jury that corroborative evidence, in addition to the testimony of one reliable witness, need not be of sufficient force to equal the positive testimony of another witness, or such as would require a jury to convict in a case where a single witness is sufficient; but it (corroborative evidence) must be such as gives a clear preponderance to the evidence in favor of the state, and in view of this rule, establishes the falsity of the oath on which perjury is assigned beyond a reasonable doubt.”
. It was not m dispute in the case cited that one witness swearing directly to the corpus delicti was necessary; but the controversy was over the degree of other proofs requisite to corroborate the direct witness.
Our investigation has led to an examination of the authorities and cases cited by counsel, and many others pertinent to the subject under review, and they all point to one rule as to proof of corpus delicti. A result of a review of the decided cases is found in Bishop’s New Criminal Procedure, Vol. 2. Sec. 927: “A peculiarity of this offense (perjury) relates to the number and corroboration of witnesses. The doctrine is that, since the testimony alleged to be perjured was delivered on oath, such oath as well as that of the contradicting witness should be regarded on the trial for the perjury. And where the evidence, thus viewed, presents only ‘oath against oath,’ it will be insufficient. Whence it became the old rule that two witnesses, directly contradicting what the defendant tes *43 tified to, are indispensable to a conviction for perjury. But evidently where there is only one witness directly to the alleged falsity of the swearing, there may be something in the case, or brought forward by a witness who cannot speak to the main charge, indicating with reliable distinctness, which of the two contradictory oaths is false. Hence, by the modern rule it is sufficient, either that there are two witnesses, or that the testimony of the one witness is corroborated or sustained by other facts appearing in the case or testified to by other witnesses.” The latter rule is fully sustained as the only relaxation of the former more stringent rule requiring two witnesses to the corpus delicti.
Indeed we find no case or other authority that sustains the contention of the state; not even a case cited by its counsel. We were referred to section 468 of Underhill on Criminal Evidence, and this is what that author says: “According to the earlier cases, no conviction of perjury could be had unless the falsity of the evidence given under oath was proved by the direct evidence of two witnesses, the evidence of the second witness being required to overcome the presumption of innocence which the law indulged in favor of the accused. Such is not the law now. The accused may be convicted on the evidence of one witness, which, however, must in all cases be corroborated. The corroboration need not be equivalent or tantamount to another witness. But it must be clear and positive and so strong, that with the evidence of the witness who testifies directly to the falsity of the defendant’s testimony, it will convince the jury beyond a reasonable doubt. The direct evidence of the witness may be corroborated by circumstantial evidence. * * * ”
*44 However, chief reliance is placed by the state on United States v. Wood, 39 U. S. (14 Pet.), 430, and we have carefully examined that case, but it does not aid the cause of the state. The most that can be properly claimed for it is, that it provides an exception to the general rule, but we are of opinion that it does not even do that. There, the defendant was indicted under the revenue collection laws then in force, for the crime of perjury, alleged to have been committed by him in swearing or making oath as to the cost of the goods imported and contained in his invoice of the goods purchased of his father in England. On the trial he claimed no conviction could be had without the testimony of a living witness as to the falsity of his oath to the documents. Instead of such a witness, the court permitted documentary evidence to be given, consisting of an invoice book and thirty-five letters from the defendant to his father, by which documents counsel for the government claimed it was shown that the defendant well knew the cost of the goods when he made the false oath of a much lower price. His own written statements — the letters signed by him — were, in one sense, living and direct witnesses to his perjury. They were in the nature of written admissions of guilt. And the court in that case, instead of adopting a different rule, clearly recognized the one so well settled, and said: “The cases in which a living witness to the corpus delicti of a defendant in a prosecution for perjury may be dispensed with are: ‘all cases where a person charged with a perjury by false swearing to a fact directly disproved by documentary, or written testimony springing from himself, with circumstances showing corrupt intent; all cases where the perjury charged is contradicted by a public record, proved to have been well known to the defendant *45 when he took the oath, the oath being proved to have been taken; in cases where the party is charged with taking an oath contrary to what he must necessarily have known to be the truth, and the false swearing can be proved by his own letters relating to the fact sworn to* or, by other written testimony existing and being found in the possession of the defendant, and which has been treated by him as containing the evidence of the fact recited in it.’ ”
If the Wood case can he construed into an exception, it is such an exception as proves the general rule.
The judgment of the circuit court was right and it is affirmed.

Judgment affirmed.

Williams, C. J., Buricet, Davis and Shauok, JJ., concur.